**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CHRISTINE AMBER ETHEREDGE,

     Plaintiff,

     v.

THE STATE OF KANSAS, *et al.*,

     Defendants.

Case No. 23-2333-JAR-ADM

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION

On July 31, 2023, pro se plaintiff Christine Amber Etheredge ("Etheredge") filed this case purporting to assert multiple claims against the State of Kansas; Kris Kobach, in his capacity as Kansas Attorney General; the Johnson County, Kansas, District Court; Gentle Shepherd Child Placement Services, Inc.; and four individuals. (ECF 1.) At the same time, she moved for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF 4.) As discussed in further detail below, the court grants Etheredge leave to proceed IFP but recommends that the district judge dismiss her complaint for failure to state a claim upon which relief may be granted.

## I. ETHEREDGE MAY PROCEED IFP

Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within "the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). The court has carefully reviewed the supplemental financial affidavit Etheredge provided in support of her

motion (ECF 6), and the court finds that Etheredge is unable to pay the filing fee required to commence this civil action.  The court therefore waives the filing fee and grants Etheredge leave to proceed IFP.

## II.    THE COURT RECOMMENDS DISMISSING ETHEREDGE'S COMPLAINT

### A.    LEGAL STANDARDS

When a plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B).  The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate."  *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

Because Etheredge is proceeding pro se, the court construes her pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys."  *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).  In doing so, however, the court does not "assume the role of advocate for the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Etheredge still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*

### B.    ANALYSIS

Etheredge's complaint is difficult to interpret.  Records attached to the complaint indicate that Etheredge was born in Kansas in 1988 and adopted as an infant by a married couple living in Wisconsin.  (ECF 1-1, 3, 14.)  Although Etheredge's Kansas birth parents relinquished their parental rights, the State of Wisconsin had not yet approved her interstate placement in Wisconsin

as of the date she began living there with her adoptive parents.  (ECF 1-1, 15.)  The Johnson County District Court finalized the adoption in January 1989.  (ECF 1-2, 18-19.)

Etheredge alleges in her complaint that her adoption was a "fraud" and that she is a "victim of human trafficking." (ECF 1, 6.)  She names as defendants persons involved in the adoption (including attorneys), the Kansas adoption agency, the State of Kansas, the Johnson County District Court, and the Kansas Attorney General.  She broadly asserts that defendants had a duty to protect her as a minor, and that their failure to so do caused unspecified "injuries to plaintiff + children." (ECF 1, 5.)  She seeks $20 billion dollars in damages (ECF 2) under "the federal policies of human trafficking," citing a number of federal criminal statutes.  (ECF 1, 6.)

As stated above, § 1915(e)(2)(B)(ii) directs the court to dismiss an action that fails to state a claim on which relief may be granted.  Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend."  *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

Here, the court recommends dismissal of Etheredge's complaint for any number of reasons.  First, she has not made factual allegations against any named defendant that would support a claim.

The facts alleged in her complaint do not implicate any of the named defendants.  "In pro se cases as in others, 'conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be granted."  *Chavez v. Perry*, 142 F. App'x 325, 330 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110).  The court "will not supply additional factual allegations to round out a [pro se] plaintiff's complaint."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).  Because Etheredge's complaint does not allege facts implicating any defendant, it would be impossible for her to prevail on any claim asserted against them.  The court therefore recommends that the district judge dismiss Etheredge's complaint in its entirety on this basis.

Second, the criminal statutes Etheredge cites—18 U.S.C. §§ 1001, 1018, 1028, 1031, 1593, and 1596—do not give rise to a private right of action under any facts alleged here.  *See, e.g., Diamond v. Charles,* 476 U.S. 54, 64–65 (1986) (noting that private citizens cannot compel enforcement of criminal law); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) ("As we recently have emphasized, the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." (internal citation and quotation omitted)); *Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018) (holding "criminal statutes generally do not create private causes of action"); *ManorCare of Easton PA LLC v. Estate of Nagy*, No. 13-5957, 2017 WL 4347624, at *4 (E.D. Pa. Sept. 29, 2017) ("Title 18 of the United States Code is a federal criminal statute which does not create civil liability or a private right of action. Generally, a private party may not maintain suit under most provisions of Title 18. In the criminal context, the Supreme Court has refused to imply a private right of action in a bare criminal statute." (internal citations and quotations omitted)). *See also Allen v. Adams*, No. 21-3208, 2022 WL 680336, at *3 (10th Cir. Mar. 8, 2022) ("Allen attempts to assert a claim under 18 U.S.C. § 1028, which criminalizes fraudulent and other

activities relating to identification documents.  As this statute does not provide a private right of action, the district court correctly dismissed Allen's claim under the United States Criminal Code."); *Lee v. U.S. Agency for Int'l Dev.*, 859 F.3d 74, 78 (D.C. Cir. 2017) (holding 18 U.S.C. § 1001 does not create a private cause of action).  Therefore, any purported claims asserted pursuant to these statutes should be dismissed for failure to state a claim.

Third, the court cannot construe the limited facts asserted in Etheredge's complaint as supporting *any* claim.  Although Wisconsin apparently had not approved her placement in the state under an interstate compact related to adoption, these allegations do not provide a sufficient factual basis to raise a right to relief above the speculative level.  Her complaint does not allege that this procedural error in any way harmed Etheridge herself or her children.  Rather, her complaint merely states a grievance—an improper initial placement of a child while awaiting the finalization of adoption—without tying that grievance to any recognized legal claim that would provide a right to relief.

Finally, to the extent Etheredge purports to sue Kansas, its courts, or its officials in their official capacities, her claims are barred by Eleventh Amendment immunity.  The Eleventh Amendment grants sovereign immunity to the states and its agencies, and operates to divest the court of subject-matter jurisdiction.  *See* U.S. CONST. amend. XI; *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) ("The Eleventh Amendment is a jurisdictional bar . . . .").  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).  Suits against state officials in their official capacity are "treated as suits against the State," thus these officials may be entitled to Eleventh Amendment immunity.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[I]mmunities available to the defendant in an official-capacity action are those that

the governmental entity possesses.").  Although Eleventh Amendment immunity is not absolute, no exception to the doctrine applies here.  As mentioned above, 28 U.S.C. § 1915(e)(2)(B) supports dismissal of suits that "seek[] monetary relief against a defendant who is immune from such relief."

In short, the court cannot construe Etheredge's complaint to assert a claim upon which relief may be granted against the defendants, and granting her leave to amend would be futile.  The nature of the action Etheredge purports to bring, from what the court can tell, simply is not cognizable in federal court.  The court therefore recommends that the district judge dismiss Etheredge's complaint in its entirety.

* * * * *

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Etheredge may file specific written objections to this report and recommendation within fourteen days after being served with a copy.  If she fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this recommendation will be allowed by any court.  *See In re Key Energy Res. Inc*., 230 F.3d 1197, 1199-1200 (10th Cir. 2000); *Tastan v. Los Alamos Nat'l Sec.,* LLC, 809 F. App'x. 498, 504 (10th Cir. 2020).

**IT IS THEREFORE ORDERED** that Etheredge's Motion for Leave to Proceed IFP (ECF 4) is granted.

**IT IS THEREFORE RECOMMENDED** that Etheredge's complaint be dismissed for the reasons set forth above.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Report and Recommendation to Etheredge via regular mail and certified mail, return receipt requested.

Dated August 21, 2023, at Kansas City, Kansas.

<u>s/ Angel D. Mitchell</u>
Angel D. Mitchell
U.S. Magistrate Judge